UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WILLIE FRANK NELSON,

                Plaintiff,

                                    CASE NO. 15-11075

v.

                                    HONORABLE ARTHUR J. TARNOW

JOHN HENRY WILSON, LARI ZEKA,
ELENA SHORT, and LARRY WILLIAMS,

                Defendants.
_____/

## <u>ORDER SUMMARILY DISMISSING THE COMPLAINT</u>

### I.  Introduction

      This matter has come before the Court on a *pro se* civil rights complaint under 42

U.S.C. § 1983.  Plaintiff Willie Frank Nelson is a prisoner at the Bare Hill Correctional

Facility in Malone, New York.  The defendants apparently are former employees of a

Michigan business purporting to provide legal research or legal representation for

prisoners needing help with criminal appeals or other post-conviction matters.  Plaintiff

alleges that, in 2008, he began corresponding with the defendants about having an

attorney assigned to help him with legal issues.  Apparently before he could sign a

contract, his mother paid the firm $600.00.  The firm stopped communicating with

Plaintiff and his mother when they asked for a refund of their money.  An exhibit to the

complaint indicates that the firm is a fraudulent business, that the defendants do not have

law degrees or licenses, and that the United States Attorney's Office for the Eastern

District of Michigan has prosecuted defendants Wilson and Zeka and obtained guilty pleas from them.  *See* Compl., Ex. A.

Plaintiff claims that the defendants intentionally sought to deceive him by offering to provide him with legal assistance even though they were not licensed to do so.  He seeks money damages for alleged violations of his constitutional right to due process. The complaint also purports to raise claims under the diversity-of-citizenship statute, criminal statutes, and the Racketeer Influenced and Corrupt Organizations Act (RICO).

## II.  Legal Standard

The Prison Litigation Reform Act of 1996 requires federal district courts to screen a prisoner's complaint and dismiss the complaint if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

"In determining whether a prisoner has failed to state a claim, [courts] construe his complaint in the light most favorable to him, accept his factual allegations as true, and determine whether he can prove any set of facts that would entitle him to relief."  *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005).  While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the

2

complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III.  Analysis

### A.  Color of Law

As noted above, Plaintiff brings his action 42 U.S.C. § 1983. "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 132 S.Ct. 1657, 1661 (2012) (citing § 1983). "Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983." *Id*. (citing *Lugar v. Edmonson Oil Co*., 457 U.S. 922, 937 (1982)).

The complaint indicates that the named defendants were conducting a business during the time in question. Although Plaintiff has not said what role John Henry Wilson or Lari Zeka played in the business, he alleges that Elena Short was an administrative assistant, and that Larry Williams was a research analyst. Nothing in the complaint suggests that the defendants were state actors or that their conduct was "fairly attributable to the State." Consequently, even assuming that Plaintiff has been deprived of a federally

3

guaranteed right, he has failed to prove that the defendants acted under color of law, and his § 1983 claim fails.

## B.  Diversity of Citizenship

In addition to seeking relief under § 1983, Plaintiff attempts to bring his action under 28 U.S.C. § 1332, the diversity-of-citizenship statute.  "In a federal diversity action, the amount alleged in the complaint will suffice unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount."  *Klepper v. First American Bank*, 916 F.2d 337, 340 (6th Cir. 1990) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 288–89 (1938)).  And, "[u]nder Michigan law, . . . punitive or exemplary damages cannot be awarded where actual damages are sufficient to make the plaintiff whole."  *Thompson v. Paasche*,  950 F.2d 306, 314 (6th Cir. 1991) (citing *Hayes-Albion v. Kuberski*, 421 Mich. 170 (1984)).

Plaintiff seeks $150,950.00 in damages plus an unspecified amount for mental anguish, pain, and suffering.  Of the $150,950.00, $600.00 is intended to compensate Plaintiff for the amount that the defendants took from him or his mother without providing any services in return; $350.00 is requested for court costs; and $150,000.00 is sought for punitive damages.  The Court finds that $600.00 would be sufficient to make Plaintiff whole and that Plaintiff cannot in good faith claim $150,000.00 or even half that amount in punitive damages.  Absent the request for $150,000.00 in punitive damages, the actual amount in controversy is $600.00, which is well below the statutory threshold of $75,000 for diversity actions, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).

4

Thus, Plaintiff's diversity-of-citizenship claim fails.

## C.  Criminal Charges

To the extent Plaintiff is trying to bring a criminal action against the defendants, his complaint is frivolous because a private individual cannot prosecute a criminal action in federal court, nor compel the state or federal government to investigate or prosecute an alleged crime.  *Mikhail v. Kahn*, 991 F. Supp.2d 596, 634-35  (E.D. Pa. 2014), *aff'd*, 572 F. App'x 68 (3d Cir. 2014).  "[E]ven when individuals are wronged in a manner cognizable under criminal law, they 'do not have a constitutional right to the prosecution of alleged criminals.' " *Id.* at 637 (quoting *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 184 (3rd Cir. 2009)).  Thus, Plaintiff's attempt to hold the defendants criminally liable fails.

## D.  The Civil RICO Claim

Plaintiff also seeks to hold the defendants liable under RICO.  Under 18 U.S.C. § 1964(c), "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit . . . ." But one limitation in § 1964(c) "is the requirement that a plaintiff be 'injured in his business or property' in order to bring a civil action." *Jackson v. Sedgwick Claims Management Serv., Inc.*, 731 F.3d 556, 563-64 (6th Cir. 2013), *cert. denied*, 134 S. Ct. 2133 (2014).  Plaintiff's RICO claim fails because he has not showed an injury to any business or property.  *Sharp v. Ingham Cnty.*, 23 F. App'x 496, 499 (6th Cir. 2001);

*accord Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004); *Ziegler v. McGinnis*, 32 F. App'x 697, 699 (6th Cir. 2002).  And even though Plaintiff seeks unspecified damages for mental anguish, pain, and suffering, "[r]ecovery for physical injury or mental suffering is not allowed under civil RICO because it is not an injury to business or property."  *Fleischhauer v. Feltner*,  879 F.2d 1290, 1300 (6th Cir. 1989).

### IV.  Conclusion

For the reasons given above, Plaintiff's allegations lack an arguable basis in law and fail to state a plausible claim for which relief may be granted.  Accordingly, the Court summarily DISMISSES the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1).  An appeal from this order would be frivolous and could not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

IT IS SO ORDERED.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: April 30, 2015

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on April 30, 2015, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant

6