UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE FRANK NELSON,

        Plaintiff,

                                  CASE NO. 15-11075
v.                              HONORABLE ARTHUR J. TARNOW

JOHN HENRY WILSON, LARI ZEKA,
ELENA SHORT, and LARRY WILLIAMS,

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTIONS
## FOR LEAVE TO FILE AN AMENDED COMPLAINT
(ECF Nos. 7 and 8)

### I. Introduction

On March 20, 2015, plaintiff Willie Frank Nelson commenced this action by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983.  Plaintiff is a state prisoner in Malone, New York.  His complaint and the attached exhibits indicated that the defendants operated a fraudulent Michigan business that offered to provide legal assistance to prisoners who needed help with criminal appeals or other post-conviction matters.  As a result of a federal prosecution related to the fraudulent business, two of the defendants (John Henry Wilson and Lari Zeka) pleaded guilty to criminal conduct in federal court.

Plaintiff alleged in his complaint that his mother paid the defendants $600.00, and when he sought a refund of the money, the defendants stopped communicating with him.

Plaintiff claimed that the defendants intentionally deceived him by offering to provide him with legal assistance even though they were not licensed to do so. He sought money damages for alleged violations of his constitutional right to due process. Plaintiff also sought relief under the diversity-of-citizenship statute, and he attempted to hold the defendants responsible under criminal statutes and the Racketeer Influenced and Corrupt Organizations Act (RICO).

On April 30, 2015, the Court summarily dismissed the complaint under 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1), because it was frivolous and failed to state a plausible claim for which relief could be granted. The Court stated that Plaintiff's § 1983 claim failed to state a claim because the defendants were not state actors. The Court also determined that it lacked jurisdiction under the diversity-of-citizenship statute, because the actual amount in controversy was well below the statutory threshold for diversity actions. Finally, the Court stated that Plaintiff had no authority to prosecute the defendants or to sue them under RICO.

Now before the Court are Plaintiff's motion for leave to amend his complaint and his amended motion to amend the complaint. In the first motion, Plaintiff points out that defendants Wilson and Zeka have pleaded guilty and that he is a victim of their fraudulent business. He asserts that he has a right to reclaim the $600.00 which he paid them.

In his amended motion for leave to amend the complaint, Plaintiff corrects typographical errors that he made in his initial motion to amend. The amended motion also adds an exhibit which consists of an order in a criminal case against Wilson and

Zeka. The order overrules a magistrate judge's ruling and grants the Government's motion to disqualify counsel for Wilson.

## II. Discussion

Ordinarily, the Court must grant leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this Rule,

> motions to amend are "frequently filed and, generally speaking, 'freely' allowed." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010). However, where a plaintiff seeks to amend his complaint after an adverse judgment, he must "meet the requirements for reopening a case established by Rules 59 or 60." *Id*. at 616.

*Moncier v. Jones*, 557 F. App'x 407, 410 (6th Cir. 2014). "A motion for leave to amend will be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and/or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff filed his first motion to amend fourteen months after the Court dismissed his complaint, and he has not offered any explanation for his undue delay in seeking to amend his complaint. He also has not filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) or a motion for relief from judgment under Federal Rule of Civil Procedure 60. Instead, he filed his motions under Federal Rules of Civil Procedure 15 and 19. Rule 19 ("Required Joinder of Parties") has no application here, and Rule 15 does not apply to motions filed after an adverse judgment; nor does it give parties the right to amend. *Moncier*, 557 F. App'x at 410.

Additionally, Plaintiff has not met the requirements for re-opening this case under Rules 59 and 60. Although Plaintiff apparently was the victim of the defendants' fraudulent business, the fact remains that the defendants were not state officials, and their conduct was not "fairly attributable to the state." *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 937 (1982). As such, Plaintiff has failed to state a claim under §1983, which requires showing that the plaintiff was deprived of a federal right by a person acting under color of law. *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014). Furthermore, Plaintiff's loss of $600.00 does not satisfy the threshold amount needed for diversity-of-citizenship jurisdiction. *See* 28 U.S.C. § 1332(a)(1) (stating that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-- citizens of different States").

Because Plaintiff's allegations are frivolous and fail to state a plausible claim for which relief may be granted, it would be futile to file an amended complaint. The Court therefore denies Plaintiff's motion for leave to file an amended complaint (ECF No. 7) and his amended motion for leave to file an amended complaint (ECF No. 8).

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: December 8, 2016

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on December 8, 2016, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant